IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAYLA SOLETA**<br>　　　　　　**Plaintiff**<br>　v.<br>**RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**<br>　　　　　　**Defendant** | NO.:<br>CIVIL ACTION<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**CIVIL ACTION COMPLAINT**

Plaintiff, **KAYLA SOLETA**, by and through her attorneys, **ACD LAW FIRM, LLC**, aver as follows upon causes of action set froth below:

**PARTIES**

1.　Plaintiff, **KAYLA SOLETA,** is an adult individual who at all times relevant hereto, resided at 1416 PINE STREET. NORRISTOWN, PA and now resides at 3109 SHIRLENE ROAD, NORRISTOWN, PA 19403.

2.　Defendant, **RENTAL CLAIMS SERVICES**, is a corporation or other business entity engaged in the insurance business, which operates in the Commonwealth of Pennsylvania, and at all times relevant to this cause of action was authorized and did sell liability insurance policies throughout the Commonwealth of Pennsylvania.

3.　Defendant maintains a corporate headquarters at 112 W. 34th Street, 18th Floor, New York, NY 10120.

4.　Defendant, **ENTERPRISE HOLDINGS, INC.**, is a corporation or other

business entity engaged in the insurance business, which operates in the Commonwealth of Pennsylvania, and at all times relevant to this cause of action was authorized and did sell liability insurance policies throughout the Commonwealth of Pennsylvania.

5. Defendant maintains a corporate headquarters at 600 Corporate Park Dr, Clayton, MO 63105.

## JURISDICTION AND VENUE

6. There is diversity of citizenship as the Plaintiff is a citizen of Pennsylvania and the Defendants are corporations headquartered in New York and Missouri. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

7. Plaintiff demands trial by jury pursuant to Fed. R.C.P. 39(b). This Court has venue over this matter because the cause of action arose in this judicial district.

8. The Defendant operates its business throughout the Commonwealth of Pennsylvania and a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district. 28 U.S.C. §1391.

9. This Court has pendant jurisdiction and supplemental jurisdiction over the related state claims in this matter.

## FACTS

10. Prior to May 6, 2022, the Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.,** issued a policy of automobile liability insurance to **EAN HOLDINGS, INC.**, the employer of Plaintiff, **KAYLA SOLETA.** Said policy was effective on all dates hereinafter mentioned. A copy of this policy has been requested on multiple

occasions pre-suit and the insurance representative, TOM COLFAX, has refused to produce same.

11. The aforesaid policy of automobile liability insurance provided for payment of underinsured motorist benefits in accordance with the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

12. On or about May 6, 2022, the aforesaid policy of automobile liability insurance, including the provisions for payment of underinsured motorist benefits, was in full force and effect.

13. On or about May 6, 2022, a vehicle owned and operated by the tortfeasor was traveling on State Hwy 3003 (PENLLYN BLUE BELL PIKE) when it was so carelessly, recklessly, and negligently operated and controlled that they crashed into Plaintiff's vehicle.

14. By reason of the aforesaid culpable conduct of the tortfeasors as hereinbefore alleged, the Plaintiff, **KAYLA SOLETA**, suffered severe and permanent injuries to her neck, shoulders, back, arms, wrists, including but not limited to: L3-4, L4-5, L5-S1 requiring dorsal ramus medial branch rhizotomy and epidural injections, and aggravation and/or exacerbation of all known and unknown prexisting medical conditions. She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss. The Plaintiff, **KAYLA SOLETA**, believes and therefore avers that her injuries are permanent in nature.

15. As a result of the aforesaid occurrence, the Plaintiff, **KAYLA SOLETA**, has been compelled, in order to effectuate a cure for the aforementioned injuries, to expend large sums of money for medicine and medical attention and may be required to expend

additional sums for the same purposes in the future.

16.     As a result of the aforesaid occurrence, the Plaintiff, **KAYLA SOLETA**, has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

17.     As a result of the aforesaid occurrence, the Plaintiff, **KAYLA SOLETA**, has suffered physical pain, mental anguish, and humiliation and she may continue to suffer same for an indefinite period of time in the future.

18.     The insurance company for the tortfeasor tendered its $100,000.00 policy limits. The tortfeasor was insured by State Farm Insurance Company.

19.     Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, as the insurer of **KAYLA SOLETA** gave its consent to settle with the tortfeasor.

20.     At all times relevant hereto, Plaintiff advised Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, that she were resolving the underlying suit with the tortfeasor and thus, intending to make a claim for UIM benefits.

19.     On or before October 14, 2025, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, acknowledged that Plaintiff was pursuing an underinsured motorist claim.

20.     Upon information and belief, the **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** insurance policy applicable to this loss does not contain an arbitration clause regarding the UIM claim. As such, this litigation was commenced to seek recovery of underinsured motorist benefits under the **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC**. policy of insurance.

21.     As the negligent tortfeasor who caused the severe and permanent injuries

sustained by Plaintiff, **KAYLA SOLETA**, was underinsured, Plaintiff, **KAYLA SOLETA**, request and are entitled to recovery of the limits of their UIM coverage through the Defendant, RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC..

22.	At all times relevant hereto, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, engaged in the insurance business for profit.

23.	At all times relevant hereto, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, was engaged in the business of selling insurance and insurance policies in the Commonwealth of Pennsylvania, and specifically, did sell the said policy of liability insurance covering Plaintiffs.

24.	The premium requested by the Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, as payment for said policy of said insurance policy had, prior to May 6, 2022, been paid in full.

25.	As the insurer of Plaintiff, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, has a fiduciary, contractual and statutory duty towards Plaintiffs with respect to the payment of underinsured motorist benefits.

26.	As the insurer of Plaintiff, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, has a fiduciary, contractual and statutory duty towards Plaintiffs to negotiate their claim in good faith in order to arrive at a prompt, fair, and equitable settlement.

27.	Due to the documented injuries suffered by **KAYLA SOLETA** which injuries are reported to be permanent, the value of her claim was in excess of the combined policy limits of both the third-party insurance carrier and the policy limits of Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**

28. Despite this, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**'s refused to negotiate in good faith and instead, in essence, denied the claim, stating that their valuation of the claim was at or less than the amount already received.

29. **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** also provided only verbal confirmation to provide a declaration page, for months, to confirm the amount of coverage. This was bad faith.

30. To date, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** has paid no UIM benefits at all to its insured **KAYLA SOLETA**.

## COUNT I

### KAYLA SOLETA v. RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC. COMPANY
### BREACH OF CONTRACT (UIM)

31. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

32. The said policy of insurance as herein above alleged constituted a valid contract between Plaintiffs as insureds and Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**.

33. The involved insurance contract imposed upon the Defendants, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, and its agents, servants, and employees acting within the course and scope of their employment with **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, a duty to use good faith and apply fair dealing towards the Plaintiffs/Insureds in handling claims.

34. Plaintiff herein at all times relevant to this cause of action fully and completely cooperated with the Defendant herein and fulfilled all of their obligations under the policy

of insurance at issue which was in full force and effect at all times relevant to the underlying action.

35. Pursuant to the terms of the contract, Defendant is obligated to pay Plaintiffs the policy proceeds, including the policy limits for which Plaintiffs paid premiums.

36. By failing to pay underinsured motorist benefits and by failing to offer indemnification to Plaintiffs for losses after accepting the premiums paid and by further failing to negotiate with Plaintiffs and/or their authorized representatives in good faith, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, has breached its fiduciary, contractual, and statutory obligation to Plaintiffs.

37. As a result of Defendant's breach of its fiduciary, contractual and statutory obligations to Plaintiffs as set forth above, Plaintiffs were forced to litigate claims against Defendant, forced to incur costs and attorneys' fees, and forced to suffer other damages in an exact amount yet to be determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest, costs, expenses, and such other relief as this Court deems just and proper.

## COUNT II

**KAYLA SOLETA v. RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**
**42 Pa.C.S.A. §8371 - STATUTORY BAD FAITH**

38. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein at length.

39. Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS,**

**INC. COMPANY**, has violated its fiduciary, contractual and/or statutory duties of good faith and fair dealing by acting in bad faith towards Plaintiff in violation of the policy's implied covenant of good faith and fair dealing, and in specific violation of 42 Pa.C.S.A. §8371.

40. Plaintiff herein alleged that the acts and/or omissions of Defendant acting individually by and through their agents, servants and employees acting within the course and scope of their employment, as herein above alleged, constitutes conduct and behavior that was reckless, willful and wanton, which would entitle the Plaintiff to punitive damages under the decisional law and statutory law of the Commonwealth of Pennsylvania.

41. The statute of the Commonwealth of Pennsylvania, known and characterized as the "Bad Faith" Statute, Act of February 7, P.L. 11 1990 No. 6 §3, (42 Pa.C.S.A. §8371 Actions On Insurance Policies, sub-chapter G. Special Damages), provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith towards the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
> (3) Access court costs and attorney fees against the insurer.

42. Plaintiff herein brings this action for bad faith under and by virtue of the statutes of the Commonwealth of Pennsylvania entitled "Actions on Insurance Policies," 42 Pa. C.S. §8371 *et seq.*, for damages herein above alleged, with interest thereon, compensatory damages, together with punitive damages, and for assessment of court costs and attorneys fees against Defendant, **RENTAL CLAIMS SERVICES and**

**ENTERPRISE HOLDINGS, INC.**, as insurer of Plaintiff herein.

43. Plaintiff further brings this action against Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC. COMPANY**, acting by and through its agents, servants and employees of **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC. COMPANY**, as insurers, for breach of their contractual duties of an insurer in Pennsylvania towards an insured for:

a. failing to acknowledge and act promptly upon written and oral communications with respect to claims arising under the insurance policy;

b. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

c. refusing to pay claim without conducting a reasonable investigation based upon all available information;

d. failing to affirm or deny coverage of claims withing a reasonable time after proof of loss statements had been completed and communicated to the company or its representatives;

e. not attempting in good faith to effectuate prompt, fair and equitable settlement of claims in which Defendants liability under the policy has become reasonably clear;

f. compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons;

g. failing in its duties to its insured in violation of its policy of insurance and under the laws of Pennsylvania;

h. failing to fulfill its fiduciary duty to Plaintiff;

i. failing to afford the interest of its insured (the Plaintiff) the same faithful consideration it gives its own interest;

      j.      taking the unreasonable position with respect to contractual rights of the policyholder and acting unreasonably to avoid paying a reasonable sum for Plaintiff's claims; and

      k.      deliberately and intentionally hiring paid defense doctors who act on behalf of insurance companies whose reports are biased, self-serving and disingenuous.

44. As the insurer of Plaintiff, Defendant owes a fiduciary, contractual and statutory duty to Plaintiff to negotiate her claim in good faith to arrive at a prompt, fair and equitable settlement.

45. Nevertheless, Defendant knowingly and recklessly acted without legal justification or cause when failing to negotiate in good faith and/or to pay Plaintiff a sum to which Plaintiff was entitled.

46. At all times relevant hereto, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, with a dishonest purpose, knowingly breached a known duty (i.e. to act in good faith and fair dealing) as it was motivated by self-interest.

47. As a result of the above described conduct, Plaintiff was forced to litigate claims against Defendant, forced to incur costs and attorneys fees, and forced to suffer other damages in an exact amount yet to be determined and for which she is entitled to compensatory, consequential and punitive damages and attorneys fees, including but not limited to those damages provided by 42 Pa. C.S.A. Section 8371.

**WHEREFORE**, Plaintiff demands judgement against Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, in an amount in excess of $75,000.00, plus interest on the amount of the award for compensatory damages from the date of the claim made by Plaintiff in an amount equal to the prime rate of interest plus 3%, plus

punitive damages, plus reasonable attorney fees, plus costs and such other relief this Court deems proper under 42 Pa. C.S.A. §8371.

## COUNT III

**KAYLA SOLETA v. RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC. COMPANY**
**COMMON LAW BAD FAITH**

48.     The averments of the preceding paragraphs are incorporated herein and made a part hereof as though fully set forth herein at length.

49.     The said policy of insurance between Plaintiff and **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** as hereinabove alleged constituted a contract binding on Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**.

50.     The said insurance contract imposed upon the Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** and upon its agents, servants and employees acting within the course and scope of their employment with **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.**, an agreement and a duty upon the said Defendant to use good faith and apply fair dealing towards the Plaintiff/insured in handling his claim.

51.     When **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** issued a policy of insurance, Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.,** assumed a corresponding duty and obligation to protect those insured under the contract and provide coverage when due.

52.     Plaintiff herein, at all times relevant to this cause of action, fully and completely cooperated with **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS,**

**INC.** herein, and fulfilled all of his obligations under The **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** Policy of insurance at issue which was in full force and effect at all times relevant to the underlying action.

53. Refusing to pay the UIM coverage available to Plaintiff, the Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.,** herein breached its contractual obligation to Plaintiff under the said policy of insurance, by failing to act in **KAYLA SOLETA**'s interests.

54. The Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.,** herein, in the performance of the said contract, owed to Plaintiffs a fiduciary duty to act in good faith.

55. The Defendant, **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.,** breached the aforesaid contract of insurance in the following manner which includes but is not limited to the following:

   (a) failing to protect Plaintiff herein under the contract of insurance as herein above alleged which was in full force and effect at all times relevant hereto;

   (b) failing in its duties to Plaintiff, in violation of its policy of insurance and under the laws of Pennsylvania;

   (c) failing to fulfill its fiduciary duty to **PLAINTIFF**;

   (d) failing to afford the interest of its insured (**PLAINTIFF** herein) the same faithful consideration it gives its own interest;

   (e) failing to act in good faith with respect to the underinsured policy limits at issue;

   (f) failing to perform a prompt good faith investigation as to the facts concerning this claim and the laws governing this claim;

   (g) taking the unreasonable position with respect to contractual rights concerning The **RENTAL CLAIMS SERVICES and ENTERPRISE**

HOLDINGS, INC. Policy and acting unreasonably to avoid paying for a covered loss.

WHEREFORE, Plaintiff demands judgment against Defendant **RENTAL CLAIMS SERVICES and ENTERPRISE HOLDINGS, INC.** in an amount in excess of $50,000.00, plus punitive damages, treble damages, compensatory and/or consequential damages allowed by law, together with interests, and costs, and such other relief as the Court deems just and proper.

**ACD LAW FIRM LLC**

Dated: **March 4, 2026**   BY: _____

**Adam C. Davis, Esquire**
**ID No. 207186**
**200 Eagle Road**
**Suite 250**
**Wayne, PA 19087**
**(610) 975-4560**

## VERIFICATION

I, KAYLA SOLETA, state that I am the within named Plaintiff and that the facts set forth in the foregoing COMPLAINT are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*[Signature: Kayla Soleta]*

DATED: 3/4/2026